UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL LUIS SANTOS, :
      Plaintiff :
: NO. 3:13-CV-1946
     v. :
: (JUDGE NEALON)
UNITED STATES OF AMERICA, ET AL., :
      Defendants :

**MEMORANDUM**

On July 17, 2013, Plaintiff, Angel Luis Santos, an inmate formerly confined in the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this action pursuant to 28 U.S.C. § 1331, alleging deliberate indifference to his serious medical needs over the course of two (2) years. (Doc. 1). For relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (Id.). On March 5, 2014, this Court issued an Order, granting Plaintiff's motion to file a second amended complaint (Doc. 34) and dismissing as moot the motions to dismiss (Docs. 26, 27) filed by Defendants Angela Doe, Supervisor Doe, Ventilator Technician Doe, and Geisinger Medical Center Administrator. (Doc. 43).

On March 28, 2014, Plaintiff filed a second amended complaint. (Doc. 49). On April 7, 2014, Defendants Angela Doe, Supervisor Doe, Ventilator Technician

Doe, Geisinger Medical Center, and Geisinger Medical Center Administrator filed motions to dismiss the second amended complaint and accompanying briefs in support. (Docs. 52, 53, 54, 55). On June 3, 2014, the Court issued an order granting Plaintiff's motions for an extension of time to file a brief in opposition to these motions to dismiss, and stating that the brief in opposition was to be filed by June 30, 2014. (Doc. 67). On July 1, 2014, Defendants Angela Doe, Supervisor Doe, Ventilator Technician Doe, Geisinger Medical Center, and Geisinger Medical Center Administrator filed a motion to dismiss for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure and an accompanying brief in support. (Docs. 73, 74). Pending presently are the motions to dismiss the second amended complaint, and the motion to dismiss for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

**Standard of Review**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, district courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Because of the severity of a dismissal sanction, district courts should

provide a plaintiff with an opportunity to explain his or her reasons for failing to prosecute the action or comply with court orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008); accord Reshard v. Lankenau Hosp., 256 Fed. Appx. 506, 507 (3d Cir. 2007) ("Moreover, 'a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.'") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)). After a plaintiff is given this opportunity, the following six (6) factors, identified by the United States Court of Appeals for the Third Circuit, should be considered before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts

in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

**Discussion**

In the motion to dismiss for lack of prosecution and the accompanying brief in support, Defendants Angela Doe, Supervisor Doe, Ventilator Technician Doe, Geisinger Medical Center, and Geisinger Medical Center Administrator assert that Plaintiff blatantly disregarded the Court's June 3, 2014 Order directing Plaintiff to file a brief in opposition to these Defendants' motions to dismiss the second amended complaint. (Doc. 74, p. 3). On this basis, these Defendants argue that Plaintiff's claims against them should be dismissed for failure to prosecute.

As stated, under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Moreover, "'a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.'" Reshard v. Lankenau Hosp., 256 Fed. App'x. 506, 507 (3d Cir. 2007) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)). Furthermore, in determining whether to dismiss a complaint under Rule 41(b), the aforementioned six (6) Poulis factors must be considered. However:

> Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors need to be satisfied in order to dismiss a complaint . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].

Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

In the case at hand, Plaintiff was specifically directed to file a brief in opposition to the motions to dismiss, as the Order issued on June 3, 2014 stated that "Plaintiff shall file a brief in opposition to Defendants' motions to dismiss . . . on, or before, June 30, 2014." (Doc. 67) (emphasis added).  While the Order did not give Plaintiff direct notice of the Court's ability to dismiss the second amended complaint, as requested by the Document 52 and Document 53 motions to dismiss, for failure to prosecute, this Court is not required to afford notice of its intention to do so.  See Reshard, 256 Fed.App'x. At 507.

Additionally, approximately nine (9) months have passed since Plaintiff's brief in opposition was due to the Documents 52 and 53 motions to dismiss.  Furthermore, Plaintiff has also not filed a brief in opposition to Defendants' motion to dismiss for lack of prosecution.  As a result, it is concluded that Plaintiff's dilatoriness outweighs any of the other considerations set forth in

<u>Poulis</u>.

Accordingly, it is determined that Defendants' motion to dismiss for failure to prosecute and motions to dismiss the second amended complaint will be granted as unopposed, and the claims against Defendants Angela Doe, Supervisor Doe, Ventilator Technician Doe, Geisinger Medical Center, and Geisinger Medical Center Administrator will be dismissed with prejudice.

A separate Order will be issued.

**Dated**: March 25, 2015

<u>/s/ **William J. Nealon**</u>
**United States District Judge**