# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL LUIS SANTOS,                  :
      Plaintiff                 :
                                :
                                :     NO. 3:13-CV-1946
      v.                        :
                                :     (JUDGE NEALON)
UNITED STATES OF AMERICA, ET AL., :
      Defendants                :

## MEMORANDUM

On July 17, 2013, Plaintiff, Angel Luis Santos, an inmate formerly confined

in the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"),

filed this action pursuant to 28 U.S.C. § 1331, alleging deliberate indifference to

his serious medical needs over the course of two (2) years. (Doc. 1). For relief,

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

(Id.). On November 6, 2013, Plaintiff filed an amended complaint. (Doc. 10). On

January 30, 2014, Defendants Angela Doe, Supervisor Doe, Ventilator Technician

Doe, and Geisinger Medical Center Administrator filed a motion to dismiss.

(Docs. 26, 27). On February 18, 2014, Plaintiff filed a motion to file a second

amended complaint. (Doc. 34). On March 5, 2014, this Court issued an Order,

granting Plaintiff's motion to file a second amended complaint (Doc. 34) and

dismissing as moot the motions to dismiss (Docs. 26, 27) filed by Defendants

Angela Doe, Supervisor Doe, Ventilator Technician Doe, and Geisinger Medical Center Administrator. (Doc. 43).

On March 28, 2014, Plaintiff filed a second amended complaint. (Doc. 49). On April 7, 2014, Defendants Angela Doe, Supervisor Doe, Ventilator Technician Doe, Geisinger Medical Center, and Geisinger Medical Center Administrator filed motions to dismiss the second amended complaint and accompanying briefs in support. (Docs. 52, 53, 54, 55). On June 3, 2014, the Court issued an order granting Plaintiff's motions for an extension of time to file a brief in opposition to these motions to dismiss, and stating that the brief in opposition was to be filed by June 30, 2014. (Doc. 67). On July 1, 2014, Defendants Angela Doe, Supervisor Doe, Ventilator Technician Doe, Geisinger Medical Center, and Geisinger Medical Center Administrator filed a motion to dismiss for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure and an accompanying brief in support, which was granted on March 25, 2015. (Docs. 73, 74, 109 and 110). On November 5, 2014, Defendants filed a motion to dismiss and for summary judgment, and then filed a corresponding brief in support and statement of facts on November 21, 2014. (Docs. 79, 86, 87). On September 22, 2015, Plaintiff was directed to file a brief in opposition to the Document 79 motion to dismiss and for summary judgment by October 2, 2015. (Doc. 141). Plaintiff has

failed to file a brief in opposition, and the motion is now ripe for review.

**Standard of Review**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may

move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Additionally, district courts have the inherent power to dismiss an action for

failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44

(1991). Because of the severity of a dismissal sanction, district courts should

provide a plaintiff with an opportunity to explain his or her reasons for failing to

prosecute the action or comply with court orders prior to dismissing a case sua

sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008); accord Reshard v.

Lankenau Hosp., 256 Fed. Appx. 506, 507 (3d Cir. 2007) ("Moreover, 'a District

Court may dismiss a complaint for failure to prosecute even without affording

notice of its intention to do so or providing an adversary hearing before acting.'")

(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)). After a plaintiff is

given this opportunity, the following six (6) factors, identified by the United States

Court of Appeals for the Third Circuit, should be considered before dismissing an

action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the

3

prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

**Discussion**

As stated, under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Moreover, "'a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.'" Reshard v. Lankenau Hosp., 256 Fed. App'x. 506, 507 (3d Cir. 2007) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)). Furthermore, in determining whether to dismiss a complaint under Rule

4

41(b), the aforementioned six (6) Poulis factors must be considered. However:

> Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors need to be satisfied in order to dismiss a complaint . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].

Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

In the case at hand, Plaintiff was specifically directed to file a brief in opposition to the motions to dismiss and for summary judgment, as the Order issued on September 22, 2015 stated that "Plaintiff's brief in opposition shall be filed by October 2, 2015." (Doc. 141) (emphasis added). While the Order did not give Plaintiff direct notice of the Court's ability to dismiss the second amended complaint, this Court is not required to afford notice of its intention to do so. See Reshard, 256 Fed.App'x. At 507.

Additionally, more than nine (9) months have passed since Plaintiff's brief in opposition was due to the Document 79 motion to dismiss and for summary judgment. As a result, it is concluded that Plaintiff's dilatoriness outweighs any of the other considerations set forth in Poulis.

Accordingly, it is determined that Defendants' Document 79 motion to

dismiss and for summary judgment will be granted as unopposed, and the claims

against all remaining Defendants will be dismissed with prejudice.

A separate Order will be issued.

**Dated**: October 9, 2015

/s/ **William J. Nealon**
**United States District Judge**